(Nos. 2228-2229-2230, Consolidated—

LORA SPURRELL, No. 2228, LORA SPURRELL, ADMINISTRATRIX OF THE ESTATE OF MURIEL SPURRELL, DECEASED, No. 2229 AND VESTA ROWLEY, No. 2230, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

HAROLD METCALF, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

All of the above cases grow out of the same accident, involve the same facts, and are governed by the same principles

of law, and they have therefore been consolidated for the purposes of this hearing.

On the evening of August 17th, 1932, between seven and eight o'clock, the claimant Lora Spurrell was driving a certain 1926 model Dodge sedan in a northerly direction over S. B. I. Route No. 85 in Mercer County, at a speed of about thirty miles per hour. Muriel Spurrell, aged five years, daughter of said Lora Spurrell, and Vesta Rowley, sister of said Lora Spurrell, were also riding in said automobile. As Lora Spurrell drove her said car over the brow of a hill, she drove onto a strip of gravel or crushed rock in a space which had not been paved, and her automobile swerved and skidded, causing her to lose control thereof, whereby the automobile overturned, and as a result thereof, the said Muriel Spurrell was killed and the said Lora Spurrell and Vesta Rowley were each seriously and permanently injured.

The complaint in each case alleges that the respondent was negligent in not having a warning signal posted upon the highway a reasonable distance beyond the approach to the graveled portion, notifying the traveling public thereof; and that the respondent was also negligent in permitting and allowing gravel and crushed rock to be and remain on said highway at the point in question, thereby making it difficult and dangerous for drivers of automobiles.

The Attorney General has entered a general demurrer in each of said cases, which under the present practice will be considered as a motion to dismiss.

We have held in numerous cases that in the maintenance of its hard-surfaced roads, the State of Illinois is engaged in a governmental function, and have also held that the State in the exercise of its governmental functions, is not liable for the carelessness and negligence of its servants and agents, in the absence of a statute making it so liable. *George McCready, et al* vs. *State,* No. 2604, decided at the September term, 1935; *Lester A. Royal* vs. *State,* No. 2595, decided at the September term, 1935; *Peter Tivnan* vs. *State,* No. 3051, decided at the May term, 1937; *Cecil W. York* vs. *State,* No. 2701, decided at the May term, 1937.

There is no statute making the State liable under the facts set forth in the several complaints herein, and therefore we have no authority to allow an award.

Claimant also asks for an award on the ground of equity and good conscience. The right of this court to allow an award solely on the grounds of equity and good conscience was considered in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, in which, after a consideration of the authorities on the subject, we held that the jurisdiction of this court to allow an award is limited to claims in respect to which the claimant would be entitled to redress against the State, either at law or in equity, if the State were suable. The doctrine there laid down has been approved in numerous cases since that time and is now the well-established rule of this court. *Crabtree* vs. *State*, 7 C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43.

Under the law as above set forth, we have no authority to allow an award in any of the above cases.

The motion to dismiss in each case is allowed, and each of the above cases is dismissed.